## E. Loenna Elmstedt v. The People, etc.

1.  CONTEMPT OF COURT—*In Failing to Obey Orders.*—Failure to obey an order of court, although such order may be erroneous, is a contempt of court.

Contempt of Court.—Error to the Probate Court of Cook County; the Hon. JOHN H. BATTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

Statement.—January 10, 1895, John Elmstedt died.  January 17, 1895, his will was probated, and letters testamentary were issued to E. Loenna Elmstedt, his widow, who received the assets of the estate, and from that date until January 17, 1898, administered upon the same.  January 17, 1898, she was, by the Probate Court, removed as executrix of the estate for not complying with the order of that court heretofore entered, and the State Bank of Chicago was appointed administrator *de bonis non*, with will annexed, and entered upon its duties as administrator.

July 13, 1900, an order was entered by the Probate Court directing E. Loenna Elmstedt, within ten days from date, to pay to the State Bank of Chicago, as administrator, etc., of the estate of John Elmstedt, the sum of $5,372.66, and give to it certain described written orders for other properties belonging to the estate.  For a failure to comply with this order she was, October 8, 1900, committed to the county jail for contempt of court until she should comply with said order or until the further order of the court, or until delivered according to law.

R. J. COONEY and H. S. MILLER, attorneys for plaintiff in error.

DENEEN & HAMILL, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Counsel for appellant contend that the order removing appellant as executrix and appointing the State Bank administrator *de bonis non* was void.  There is no reason

for regarding these orders void.   The court had jurisdiction of the subject-matter and of the party.   The order to turn over property in her hands not being void, a failure to obey it, although it were erroneous, was a contempt of court.   Rapalje on Contempt, Secs. 15, 16 and 17.

We find in the order of commitment no such error as warrants a reversal.   The order appealed from is therefore affirmed.